3/30/18 8:25AM

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of Michigan

In re __James R. Duncan__ 

Debtor(s)

Case No. __18-01406__

Chapter __13__

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 3,200.00 |
| Prior to the filing of this statement I have received | $ | 1,000.00 |
| Balance Due | $ | 2,200.00 |

2. The source of the compensation paid to me was:

   ■ Debtor     □ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor     □ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date __3/30/18__

**Michael M. Malinowski P38400**
*Signature of Attorney*
**Michael M. Malinowski PLC**
**740 Alger Street, S.E.**
**Grand Rapids, MI 49507-3531**
**616-475-4994  Fax: 616-475-5313**
**mike@malinowskilaw.com**
*Name of law firm*

18-01406

# CONTRACT FOR CHAPTER 13 BANKRUPTCY SERVICES

This Contract for Chapter 13 Bankruptcy Services ("Contract") is executed by and between Michael M. Malinowski PLC ("Attorney") and JAMES DUNCAN ("Client"). The parties agree as follows:

**1.     Type of Bankruptcy.**   Client retains Attorney to file a Chapter 13 bankruptcy in the United States District Court for the Western District of Michigan.   Client made this decision after Attorney explained the alternatives of filing a petition under Chapter 7 and Chapter 13 of the Bankruptcy Code.   If Client determines at a later date that it desires to file Chapter 7 bankruptcy, the parties shall execute a new contract setting forth the terms of such representation.

**2.     Fees; Terms of Payment.**   Attorney will represent Client in the filing of Chapter 13 bankruptcy for a base fee of $3,200 for up to fifteen (15) hours of work (calculated at $220 per hour) plus the Bankruptcy Court's $310 filing fee.   Client will also reimburse Attorney for all out-of-pocket costs, including but not limited to, additional filing fees, photocopies, postage, express courier expenses, and the procurement of deeds, mortgages and other property documents.

A retainer of $ 1,000 _____, which does not include the Court's $310 filing fee, shall be paid prior to Attorney beginning to work on the filing of the bankruptcy.   The retainer is **not** payment of the entire amount owed by Client to Attorney, but merely an advance payment against fees and costs to be provided by Attorney to Client.

If Client decides not to file bankruptcy, the retainer shall be refundable to the extent it has not been consumed by Attorney's services and expenses to date.

**3.     Services Provided by Attorney.**   Upon being paid the retainer set forth above, as well as the Bankruptcy Court's filing fee, Attorney shall provide the following legal services to Client:

(a)     Counseling Client and preparing the Chapter 13 petition, Chapter 13 Plan and related documents.

(b)     Counseling Client with respect to the exemption of particular items or types of property.

(c)     Electronically filing the Chapter 13 petition, Chapter 13 Plan and related documents.

(d)     Attending the first meeting of creditors and the first date set for hearing on confirmation of the original Chapter 13 Plan.

*18-01406*

4. **Supplemental Services.** Supplemental services may include, but are not limited to:

(a)    Preparing and filing amendments to the Chapter 13 Plan.

(b)    Preparing and filing amendments to schedules to correct or supplement information.

(c)    Responding to inquiries of creditors, the Chapter 13 Trustee, the United States Trustee or other parties in interest.

(d)    Responding to requests of the Chapter 13 Trustee or the United States Trustee for information or documentation, as well as demands made upon Client by the Chapter 13 Trustee or United States Trustee.

(e)    Defending against or negotiating objections to dischargeability of debts.

(f)    Defending against motions to dismiss the bankruptcy proceedings.

(g)    Opposing objections to exemptions.

(h)    Responding to disputes over Client's claim to assets.

(i)    Defending Client against any complaint filed by the Chapter 13 Trustee to avoid or to recover transfers, including preferential transfers, fraudulent transfers and fraudulent conveyances.

(j)    Attending examinations pursuant to Bankruptcy Rule 2004, depositions, court hearing or other proceedings.

(k)    Responding to contested matters, including objections to confirmation of the Chapter 13 Plan, objections to claims, objections to valuation of secured claims, and motions for relief from stay.

Client understands that if this engagement results in Attorney representing it in litigation, Attorney has made no warranties about an ultimate successful outcome of the cause of action, and all expressions made by Attorney relative to it are matters of opinion only.

Client will be required to pay for supplemental services in excess of the $3,200 base fee at an hourly rate of $220, plus related out-of-pocket costs. Attorney may file fee petitions with the Bankruptcy Court seeking additional compensation and reimbursement of costs. Such petitions are subject to the approval of the Bankruptcy Court. If approved, this may require Client to pay such amounts directly to Attorney, increase its periodic payment made to the Chapter 13 Trustee, or increase the length of time it must make payments to the Chapter 13 Trustee.

*18-01406*

**5.** **Client's Obligations.** Client's obligations include:

(a) Providing accurately and honestly all the information necessary to prepare and file the Chapter 13 bankruptcy.

(b) Paying the fees as set forth above.

(c) Attending the first meeting of creditors and other hearings set in the case which requires Client's attendance.

(d) Providing information requested by the Chapter 13 Trustee, the United States Trustee, or any other party in interest in the case, unless the Bankruptcy Court rules that Client is not required to provide the information.

(e) Responding immediately to any request of Attorney and/or his staff.

(f) Keeping Attorney advised at all times of its current address and telephone number.

**6.** **Withdrawal of Representation.** Attorney may petition the Bankruptcy Court to withdraw from further representation of Client in its Chapter 13 case or in any proceeding or matter arising from the case if:

(a) Client refuses to cooperate with Attorney with respect to the preparation and administration of its case.

(b) Client fails to pay the fees as set forth above.

**7.** **Payment of Fees and Expenses Upon Dismissal.** In the event Client owes Attorney additional fees and/or expenses at the time of dismissal of its bankruptcy proceedings or completion of its Chapter 13 Plan, Client agrees to pay the outstanding balance within thirty (30) days after such dismissal or completion unless other arrangements are made to the satisfaction of Attorney. In the event Client fails to pay amounts owed to Attorney within thirty (30) days of the date of the dismissal of its bankruptcy proceedings or completion of its Chapter 13 Plan, Attorney has the right to collect the outstanding amounts due in accordance with applicable law and, to the extent applicable law allows, to place a lien on Client's file and assets. X̲_ _ᴺ ᴸ̲_____

Client initials here

3

18-01406

MICHAEL M. MALINOWSKI PLC

Date: 3/30/18

By _____
Michael M. Malinowski

"Attorney"

Date: 3/30/18

Date: _____

"Client"

4